UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
FORMAN INDUSTRIES, INC.

                    Plaintiff,

          -against-

PREMIERXD, LLC,

                    Defendant.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
19-CV-6217 (JMA) (AYS)

**FILED**
**CLERK**
8/7/2020 11:40 am
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Before the Court is the motion of plaintiff Forman Industries, Inc. ("Plaintiff") for default judgment against defendant PremierXD, LLC ("Defendant") to recover $386,990.76 in unpaid invoices. For the reasons stated herein, Plaintiff's motion is GRANTED, and Plaintiff is awarded a default judgment against Defendant in the amount of $386,990.76.

## I.  DISCUSSION

### A.  Defendant Defaulted

Defendant was properly served in the action, but has not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action.

### B.  Liability

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, Plaintiff brings claims for breach of contract, unjust enrichment, and breach of implied covenant

of good faith and fair dealing. (ECF No. 1 at 3-4.) The Court finds that the allegations in the complaint are sufficient to establish Defendant's liability.

## C. **Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The Court finds that the unpaid invoices Plaintiff submitted establish damages of $386,990.76 to a reasonable certainty. (ECF No. 11-1.)

## II.  CONCLUSION

The Clerk of the Court is respectfully directed to enter judgment against Defendant for $386,990.76 in damages and close this case.

Plaintiff is also directed to serve a copy of this Order on Defendant and file proof of service on ECF within seven (7) days.

**SO ORDERED.**

Dated:  August 7, 2020
       Central Islip, New York

                                                             /s/   (JMA)
                                                             JOAN M. AZRACK
                                                             UNITED STATES DISTRICT JUDGE